
07/30/2012

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| KAREN HOFFMAN, § | | Case No. 11-43848 |
| § | | (Chapter 7) |
| Debtors. § | | |
| §_____ | | |
| § | | |
| KAREN HOFFMAN, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Adv. Proc. No. 12-4040 |
| § | | |
| MAHROUQ ENTERPRISES § | | |
| INTERNATIONAL (MEI), INC. d/b/a § | | |
| AUTOMAX d/b/a DOLLAR RENT § | | |
| A CAR CAR SALES, § | | |
| § | | |
| Defendant. § | | |

**MEMORANDUM OPINION REGARDING**
**DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on the defendant's motion to dismiss pursuant to Federal Rule of Civil procedure 12(b)(6), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012. The plaintiff opposes the motion. The Court exercises core jurisdiction over this adversary proceeding and the motion in accordance with 28 U.S.C. §§ 157 and 1334. This memorandum opinion contains the Court's findings of fact and conclusions of law with respect to the motion in accordance with Federal Rule of Bankruptcy Procedure 7052.

**I. BACKGROUND**

The debtor-plaintiff, Karen Hoffman, filed a petition for relief under chapter 7 of the Bankruptcy Code on December 29, 2011. The plaintiff listed Automax as a creditor

1

in her "Schedule D – Creditors Holding Secured Claims" (Official Form 6D) with a secured interest in a 2003 Lincoln Navigator. In her "Chapter 7 Individual Debtor's Statement of Intention" (Official Form 8) filed with her bankruptcy petition, the plaintiff represented that she intended to surrender the vehicle to Automax.

On February 10, 2012, Automax moved for relief from the automatic stay as to its secured interest in the 2003 Lincoln Navigator on the grounds that the plaintiff had not made a payment since December 2011 and had no equity in the vehicle. The plaintiff opposed the motion by challenging the validity of Automax's security interest in the vehicle as well as its standing to bring the motion for relief. On March 15, 2012, the plaintiff amended her statement of intention to propose keeping the vehicle.

Section 521(a)(6) of the Bankruptcy Code provides that a debtor may not retain possession of personal property which is subject to a secured claim unless the debtor either reaffirms the debt or redeems the property, according to the debtor's statement of intention required by §§ 521(a)(2) and 362(h), within 45 days of the date scheduled for the first meeting of creditors. Section 521(a)(6) further provides that if the debtor fails to so act within the 45-day period, the stay is terminated, the property is no longer considered part of the estate, and "the creditor may take whatever action as to such property as is permitted by applicable nonbankruptcy law." 11 U.S.C. § 521(a). In this case, the first meeting of creditors was scheduled for February 2, 2012. Accordingly, the 45-day deadline to reaffirm or redeem the vehicle was Monday, March 19, 2012.

The plaintiff failed to redeem or reaffirm her obligation with respect to the vehicle prior to the expiration of the 45-day deadline. On March 20, 2012, at the hearing on Automax's motion for relief from the stay, her counsel challenged the defendant's

standing to bring the motion and argued that the defendant's lien on the vehicle was invalid. At the conclusion of the hearing, the Court determined that the stay had already terminated by operation of § 362(h).

The plaintiff initiated this proceeding by filing an adversary complaint against the defendant, Mahrouq Enterprises International (MEI), Inc., on March 21, 2012. The plaintiff alleges in her complaint that she went to a dealership in Arlington, Texas, to purchase a vehicle on November 16, 2010. She alleges that she executed a document labeled "Motor Vehicle Retail Installment Sales Contract" for the purchase of the 2003 Lincoln Navigator. The plaintiff alleges that the seller under the contract was Dollar Rent a Car Car Sales, which the plaintiff alleges is an assumed name of the defendant. The plaintiff further alleges that a lien in favor of Automax, which is also an assumed name of the defendant, appears on the certificate of title for the vehicle. The plaintiff alleges that the defendant failed to file an assumed name certificate with the Tarrant County (Texas) Clerk showing Automax or Dollar Rent a Car Car Sales as assumed names of the defendant.[1]

The plaintiff's complaint contains two causes of action. First, the plaintiff seeks to enjoin the defendant from foreclosing upon its secured interest in the plaintiff's vehicle. Second, the plaintiff seeks a determination that the defendant does not have a lien on the vehicle because Automax is not a "person" capable of perfecting a security interest in a motor vehicle.

The plaintiff attached the retail installment contract to her adversary complaint. The contract expressly grants the seller/creditor a security interest in the vehicle to secure

---

[1] In response to the motion to dismiss, the plaintiff does not dispute that Mahrouq Enterprises International (MEI), Inc. does business as Automax and Dollar Rent A Car Car Sales or that Mahrouq Enterprises International (MEI), Inc. filed assumed name certificates with the Texas Secretary of State.

3

the plaintiff's indebtedness under the contract. In addition, the plaintiff attached the certificate of title for the vehicle to her adversary complaint.

## II. ANALYSIS

### A. The Rule 12(b)(6) Standard

The defendant requests dismissal of all the claims pursuant to Rule 12(b)(6). "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius,* 635 F.3d 757, 763 (5th Cir. 2011) (internal quotation marks and citation omitted).

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008). Rule 8(a)(2) states that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, a complaint must contain facts that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The complaint must have "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Id.*

The Supreme Court in *Ashcroft v. Iqbal* explained that *Twombly* promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *Id.,* 556 U.S. 662, 669 (2009). First, the court must identify those pleadings that are not supported by factual allegations, "because they are no more than conclusions, [and] are not entitled to the assumption of truth." *Id.* Second, upon identifying well-

4

pleaded factual allegations, the court will "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Here, the plaintiff brought this adversary proceeding to determine the validity of the defendant's lien on the 2003 Lincoln Navigator and for related injunctive relief. *See* FED. R. BANKR. P. 7002(2) and (7). In response to the motion to dismiss, the plaintiff argues that the defendant's lien is invalid because the defendant failed to file certificates of its assumed names with the Tarrant County Clerk as required by the Texas Assumed Business or Professional Name Act, *see* TEX. BUS. COM. CODE §§ 71.002 *et seq.* (the "Assumed Name Act"). The plaintiff also argues that, in any event, the use of an assumed name on the certificate of title was ineffective to perfect the defendant's secured interest in the 2003 Lincoln Navigator under the Texas Certificate of Title Act, TEX. TRANS. CODE §§ 501.001 *et seq.* (the "Title Act").

### B. Attachment of a Security Interest

As an initial matter, the Court distinguishes between attachment and perfection. Once a security interest attaches to collateral, it is enforceable against the debtor. *See* TEX. BUS. COM. CODE § 9.203(b). Revised Article 9 of the Texas Uniform Commercial Code (the "UCC") uses the term "attach" to describe the point at which property becomes subject to a security interest. *See* TEX. BUS. COM. CODE § 9.203(a). Texas UCC § 9.203(b) provides in pertinent part:

5

> [A] security interest is enforceable against the debtor and third parties with respect to the collateral only if:
>
> (1) value has been given;
>
> (2) the debtor has rights in the collateral or the power to transfer rights in the collateral to a secured party; and
>
> (3) one of the following conditions is met:
>
>> (A) the debtor has authenticated a security agreement that provides a description of the collateral and, if the security interest covers timber to be cut, a description of the land concerned;
>>
>> (B) the collateral is not a certificated security and is in the possession of the secured party under Section 9.313 pursuant to the debtor's security agreement;
>>
>> (C) the collateral is a certificated security in registered form and the security certificate has been delivered to the secured party under Section 8.301 pursuant to the debtor's security agreement; or
>>
>> (D) the collateral is deposit accounts, electronic chattel paper, investment property, letter-of-credit rights, or electronic documents, and the secured party has control under Section 7.106, 9.104, 9.105, 9.106, or 9.107 pursuant to the debtor's security agreement.

*See* TEX. BUS. COM. CODE § 9.203(b).

Here, according to the facts alleged in the plaintiff's complaint, the plaintiff executed a retail installment contract whereby she obtained an ownership interest in the vehicle, which she listed in her bankruptcy schedules as property of her estate. *See* 11 U.S.C. § 541(a) (defining property of the estate). In exchange, according to the terms of the contract, the plaintiff promised to make payments to the defendant and, among other things, provided the defendant with a security interest in the vehicle. Thus, the plaintiff has alleged facts establishing that the defendant's security interest has attached to the vehicle and is enforceable against the plaintiff. *See* TEX. BUS. COM. CODE § 9.203(b).

With respect to the defendant's use of an assumed name in the retail installment contract, "a contract or obligation may be entered into by a person by any name he may choose to assume.  All that the law looks to is the identity of the individual, and, when that is ascertained and clearly established, the act will be binding on him and on others." *Presley v. Wilson*, 125 S.W.2d 654, 656 (Tex. Civ. App. – Dallas 1938, writ dism.).  The purpose of the Assumed Name Act is to allow the public to know who is operating a business under an assumed name.  *McCarley v. Welch*, 170 S.W.2d 330, 332 (Tex. Civ. App. 1943, no writ); *Roy v. State*, 608 S.W.2d 645, 651 (Tex. Cr. App. 1980).  Failure to file an assumed name certificate as required by the Act does not affect the validity or enforceability of contracts entered into by a person doing business under an assumed name.  TEX. BUS. & COM. CODE § 71.201(a).  The Court, therefore, concludes that the defendant's use of an assumed name in the retail installment contract did not affect the attachment of its security interest under Texas law.

### B. Perfection of a Security Interest

In her opposition to the defendant's motion to dismiss, the plaintiff argues that defendant's lien is unenforceable because it is not perfected against creditors and transferees of the debtor-plaintiff.  Significantly, this is not an action for avoidance of a lien under § 544 of the Bankruptcy Code.  Known as the strong arm provision, § 544 serves "essentially to marshal all of the debtor's assets, including some that the debtor [herself] could not recover, in order to enhance the resources available to the pool of creditors."  *Matter of Quality Holstein Leasing*, 752 F.2d 1009, 1014 (5th Cir. 1985).  Section 544 applies by its terms to chapter 7 trustees.  A chapter 7 debtor does not have standing to bring an avoidance action under the strong arm provision.  *See Matter of Hill,*

7

981 F.2d 1474, 1479 (5th Cir. 1993) (holding that § 544 grants the chapter 7 trustee standing to bring an avoidance action based on the status of a third party); *In re Martin*, 222 Fed. Appx. 360, 363 (5th Cir. 2007) (holding that chapter 7 debtors lacked standing to file motion to void creditors' liens on allegedly exempted property, since statutes under which motion was brought, including § 544, were applicable only to chapter 7 trustees).

Even if the plaintiff had standing to challenge the defendant's perfection of its lien, which she does not, the plaintiff has failed to allege facts establishing a claim for avoidance based on the defendant's use of an assumed name, Automax, on the certificate of title. The plaintiff's analogy to financing statements under the UCC is unpersuasive. The cases and statutes cited by the plaintiff relate to the requirements for naming the debtor-obligor in a financing statement -- not for naming the lien holder. *See, e.g.,* TEX. BUS & COM. CODE 9.503(c) ("A financing statement that provides only the debtor's trade name does not sufficient provide the name of the debtor."). Moreover, with respect to motor vehicles, perfection is governed by the Title Act, *see* TEX. BUS. COMM. CODE § 9.109(c)(2), not the UCC.

Perfection of security interests under the Title Act, as under the UCC, serves the purpose of giving notice to subsequent creditors. The Title Act generally requires a person to perfect its security interest by recording the interest on the certificate of title. *See* TEX. TRANSP. CODE § 501.111(a). However, even if a secured creditor fails to note its lien on the title so that it is not enforceable against third parties without actual notice, the security interest is nonetheless enforceable as between the parties to the security agreement. *See Ward v. Hasty*, 295 S.W.2d 433, 434 (Tex. Civ. App. 1956) (holding that the provisions of the Title Act did not apply where the rights of third parties had not

8

intervened); *Lusk v. General Motors Acceptance Corp.*, 395 S.W.2d 847 (Tex. Civ. App. 1965) (same). The Court, therefore, concludes that the plaintiff has failed to state a plausible claim for a determination that the defendant's lien on her vehicle is unenforceable against her.

### C. Plaintiff's Request to Amend

In her opposition to the defendant's motion to dismiss, the plaintiff requests leave to amend her complaint in the event the Court finds that she has failed to state a plausible claim. As a general matter, courts should grant leave to amend pleadings "freely ... when justice so requires." FED.R.CIV.P. 15(a). Normally, "leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile." *Jebaco Inc. v. Harrah's Operating Co. Inc.,* 587 F.3d 314, 322 (5th Cir. 2009). In this case, however, the plaintiff's proposal to clarify her claims would be futile. The defendant's security interest is enforceable against the plaintiff regardless of how artfully the plaintiff pleads a claim that the interest would not be enforceable against an intervening third party.

### III. CONCLUSION

For all the foregoing reasons, the Court concludes that the plaintiff has failed to state a plausible claim for relief and that defendant's motion should be granted pursuant to Rule 12(b)(6). The Court will enter a separate order consistent with this memorandum opinion.

Signed on 7/30/2012

_Brenda T. Rhoades_    SR
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

9